IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00371-FDW

| | |
|---|---|
| RYAN ALLAN GLIDEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH CAROLINA; ) | **ORDER** |
| DEPARTMENT OF SOCIAL SERVICES, ) | |
| Buncombe County; TONI ALLEYNE, ) | |
| DSS Social Worker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's *pro se* complaint which is filed pursuant to 42 U.S.C. § 1983. For the reasons stated herein, Plaintiff's complaint will be dismissed. See 28 U.S.C. § 1915A(b)(1).

I.  BACKGROUND

Plaintiff is a prisoner incarcerated in Morgan, Georgia, following his conviction on the charge of theft by taking.[1] In his complaint, Plaintiff contends that the Buncombe County Department of Social Services and Defendant Alleyne have violated his rights during the course of a termination of parental rights proceeding involving his minor children which is pending in state court.

II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---
[1] This information was accessed from the website maintained by the Georgia Department of Corrections.

1

governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

"[F]ederal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" because matters of domestic relations are traditionally within the province of the state courts. Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006). Because Plaintiff is challenging alleged actions of the Buncombe County Department of Social Services and Social Worker Alleyne, the Court will dismiss this action.

The Court further notes that dismissal is also appropriate under the Younger abstention doctrine, which provides that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Younger v. Harris, 401 U.S. 37 (1971); Employers Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134-35 (4th Cir. 1995). Here, Plaintiff's allegations reveal that there are ongoing proceedings in North Carolina state court regarding the custody and welfare of Plaintiff's minor children. Further, Plaintiff's

2

claims concerning the ongoing child custody matters clearly implicate important state interests. Finally, as Plaintiff notes, he is indigent and has court-appointed counsel who can represent his interests in the trial court, and in the event of an appeal Plaintiff would still be entitled to a court-appointed attorney.

IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Complaint should be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: November 17, 2016

Frank D. Whitney
Chief United States District Judge