IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00371-FDW

| | |
|---|---|
| RYAN ALLAN GLIDEWELL, | ) |
| Plaintiff, | ) |
| v. | ) |
| NORTH CAROLINA; | ) **ORDER** |
| DEPARTMENT OF SOCIAL SERVICES, | ) |
| Buncombe County; TONI ALLEYNE, | ) |
| DSS Social Worker, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's motion for reconsideration of the order dismissing his pro se complaint, filed pursuant to 42 U.S.C. § 1983, in which he challenged the termination of parental rights proceeding that is ongoing in Buncombe County district court.[1]

In his motion for reconsideration, Plaintiff complains that he is at a disadvantage because he is not a lawyer. He charges Defendant Alleyne with falsifying documents, among other things, and he challenges the actions of the district court during the proceedings. (Doc. No. 8).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th

---
[1] The findings and conclusions from the Order of dismissal are fully incorporated herein. (Doc. No. 4: Order).

Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner does not present evidence that was unavailable when he filed his complaint, nor does his motion depend on an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for reconsideration.

Plaintiff has also moved for leave to file an amended complaint to include further challenges to the termination of parental rights proceeding and he seeks injunctive relief. Plaintiff contends he will present "a complete, thorough, descriptive, itemized, and formal complaint showing specificity to each assertion and fact finder." (Doc. No. 9). This motion will be denied for the reasons stated in the Court's Order of dismissal. (Doc. No. 4). Namely, the Court finds that interference in ongoing state proceedings that involve the custody of a child is inappropriate as Plaintiff has counsel who can present his constitutional and factual arguments in the state forum.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 8).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint is **DENIED**. (Doc. No. 9).

**SO ORDERED**.

Signed: December 5, 2016

Frank D. Whitney
Chief United States District Judge